UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

---

MARISA ZUNIGA,

        Plaintiff,

-against-

TRUEACCORD,

        Defendant.

---

Civil Action No.:

**COMPLAINT**

Plaintiff, MARISA ZUNIGA (hereinafter, "Plaintiff"), a New Mexico resident, brings this Complaint by and through the undersigned attorneys, against Defendant TRUEACCORD (hereinafter "Defendant"), individually based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After

determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this action individually under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a natural person and a resident of the State of New Mexico, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

8. Defendant is a collection agency with its principal office located at 303 2nd Street, Suite 750 South, San Francisco, California 94107.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length

herein.

12. Some time prior to April 20, 2018, an obligation was allegedly incurred to GOLDEN VALLEY LENDING.

13. The alleged GOLDEN VALLEY LENDING obligation arose out an alleged residential rent obligation, a transaction in which money, property, insurance or services, which are the subject of the transaction, was primarily for personal, family or household purposes.

14. The alleged GOLDEN VALLEY LENDING obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

15. GOLDEN VALLEY LENDING is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

16. GOLDEN VALLEY LENDING or subsequent owner of the GOLDEN VALLEY LENDING debt contracted the Defendant to collect the alleged debt.

17. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

18. On or about April 20, 2018, Defendant sent to the Plaintiff an email regarding an alleged debt originally owed to GOLDEN VALLEY LENDING. *See* **Exhibit A.**

19. Plaintiff received the email and read it.

20. On July 17, 2018, the Plaintiff, through her undersigned counsel, filed the instant action, asserting that the Defendant's April 20, 2018 email - offering misleading payment plans on Plaintiff's alleged Golden Valley Lending debt - violated the Fair Debt Collection Practices Act.

21. Defendant then appeared in this action, via counsel, on September 28, 2018.

22. Since at least September 28, 2018, the Defendant has known that the Plaintiff is represented by counsel in connection with the Golden Valley Lending account which was the subject of the Defendant's April 20, 2018 e-mail.

23. Nonetheless, on May 7, 2019, while the Plaintiff was still represented by the undersigned counsel, the Defendant issued another collection email to the Plaintiff with regards to the same Golden Valley Lending account.  *See,* **Exhibit B.**

24. Upon receiving said email, Plaintiff felt distressed and annoyed.

25. The May 7, 2019 email from Defendant was a 'communication' as that term is used and defined by 15 U.S.C. § 1692a(2).

26. Pursuant to the FDCPA, a debt collector may not communicate with a consumer in connection with the collection of a debt, if they know or should have known that the consumer was represented by counsel.

27. By communicating with a represented consumer, Defendant caused the Plaintiff real concrete harm that the FDCPA was trying to prevent.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692c

28. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

29. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

30. Pursuant to 15 U.S.C. §1692c, "Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, **a debt collector may not communicate with a consumer in connection with the collection of any debt**—(2) **if the debt collector knows the consumer is represented by an attorney with respect to such debt** and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents

to direct communication with the consumer." *See,* 15 U.S. Code § 1692c(a)(2).

31. Defendant violated said section by directly communicating with the Plaintiff regarding her Golden Valley Lending account despite knowing that Plaintiff was represented by counsel.

32. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692c *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

  (a) Awarding Plaintiff statutory damages on her individual claim;

  (b) Awarding Plaintiff statutory damages on the her claims;

  (c) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

  (d) Awarding pre-judgment interest and post-judgment interest; and

  (e) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: May 20, 2020

By: /s/Yitzchak Zelman
Yitzchak Zelman, Esq.

MARCUS ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
Facsimile: (732) 298-6256
Email: yzelman@marcuszelman.com